117 F.3d 1422
 10 NDLR P 216
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Joan Longmuir, Plaintiff--Appellant,
v.
Capital Credit Union, Defendant--Appellee.
 No. 96-4037.
 United States Court of Appeals, Eighth Circuit.
 Submitted: June 12, 1997.
Filed: July 21, 1997.
 
 Appeal from the United States District Court for the District of North Dakota.
 Before LOKEN, REAVLEY,* and GIBSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lung disease left Joan Longmuir unable to continue her work as a Capital Credit Union teller, and she applied for and received private and social security disability benefits. After a lung transplant, Longmuir returned to work on a part-time basis, with her physician's approval. Her private disability benefits would have been discontinued had she worked even part-time for more than two months. After two months, she elected to stop working. She then commenced this action under the Americans with Disabilities Act, alleging that Capital Credit refused to reasonably accommodate her disability when it insisted that she commence working full time, and adding a claim for intentional infliction of emotional stress because Capital Credit's now-deceased manager made "unexpected and surprising demands to return to full time work or accept termination with disability pay."
 
 
 2
 The district court[1] granted summary judgment in favor of Capital Credit. Noting that Longmuir continues to receive long-term disability benefits and presented an affidavit by her attending physician that he had "place[d] her back on full disability status," the court concluded that Longmuir failed to make out a prima facie case of discrimination under the ADA because she presented no evidence that she is able to perform the essential functions of her job and therefore is a "qualified individual" as defined in 42 U.S.C. § 12111(8). The court further concluded that Longmuir "failed to provide any evidence of intentional infliction of emotional distress." Longmuir appeals. After careful consideration of the record, we conclude that summary judgment was properly granted for the reasons stated in the district court's Memorandum and Order dated October 22, 1996. Accordingly, we affirm. See 8th Cir.Rule 47B.
 
 
 
 *
 The HONORABLE THOMAS M. REAVLEY, United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 HONORABLE PATRICK A. CONMY, United States District Judge for the District of North Dakota